UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLY KENNEMER,<br><br>    Plaintiff,<br><br>v.<br><br>JAMIE TYLER,<br><br>    Defendant. | Case No. 3:24-cv-00606-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

  Plaintiff Kelly Kennemer is an inmate proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 9.

  Plaintiff has now filed an Amended Complaint. Dkt. 11. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

  Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

1.     **Request for Appointment of Counsel**

Plaintiff seeks appointment of counsel. *Am. Compl*. at 4. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr*., Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017)

("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect Plaintiff's interests to date. In addition, as explained below, the Amended Complaint fails to state a claim upon which relief may be granted; therefore, Plaintiff does not have a likelihood of success on the merits. Accordingly, the Court will deny Plaintiff's request for appointment of counsel.

## 2.     Screening Requirement and Pleading Standard

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-

me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

### 3. Factual Allegations

Plaintiff's initial complaint alleged as follows:

> Plaintiff is a pretrial detainee in the Clearwater County Jail. Plaintiff alleges that, in an altercation forming the basis for his arrest, he suffered "traumatic facial injuries and gun-shot wounds." Plaintiff was later taken to the Clearwater County Jail.
>
> Plaintiff claims his wounds became septic. Plaintiff contends that, on January 1, 2023, Defendant Jamie Tyler—a jail nurse or physician's assistant—failed "to render any meaningful medical examination, diagnosis, or treatment" for Plaintiff's injuries. Plaintiff claims that Defendant's motivation was malicious, given that she is married to the prosecutor in Plaintiff's criminal case and allegedly conspired with the prosecutor. Though Plaintiff also contends Defendant Tyler suppressed evidence, Plaintiff does not identify any such evidence.

*Init. Rev. Order* at 3 (citations omitted).

The Amended Complaint contains the same allegations. Plaintiff claims that the suffered gunshot wounds causing "traumatic facial injuries" and that the wounds became septic. *Am. Compl*. at 2. Defendant Clearwater County jail nurse Jamie Tyler purportedly failed to report the injuries to law enforcement as a criminal assault. *Id*. Plaintiff also asserts that Tyler "failed to provide any meaningful examination/diagnosis/treatment" despite Plaintiff's requests. *Id*.

Plaintiff claims that Tyler's actions were motivated by a desire to support the pending criminal charges against Plaintiff, allegedly because Tyler is married to the prosecutor in Plaintiff's criminal case. Plaintiff asserts Tyler conspired with the prosecutor to "suppress and conceal evidence from plaintiff that was highly exculpatory in nature." *Id*. at 3.

**4.     Discussion**

   **A.     *Section 1983 Claims***

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 1576 U.S. 389, 396 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

To state a claim of denial of adequate medical treatment while detained, Plaintiff must allege facts giving rise to a reasonable inference that Tyler acted with objective deliberate indifference—that is, that Tyler made an intentional

decision with respect to Plaintiff's medical treatment placing him at substantial risk of serious harm, that Tyler did not take reasonable available measures to abate the risk, and that Tyler's actions caused further injury. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

The allegations in the Amended Complaint are just as overly vague and generalized as those in the initial complaint. *See Init. Rev. Order* at 5. Plaintiff does not provide any specific facts supporting his conclusion that Tyler acted with objective deliberate indifference. Plaintiff's belief that his medical treatment was not "meaningful" simply does not give rise to a reasonable inference of a constitutional violation. Further, Plaintiff does not explain any further injury that he suffered as a result of Tyler's actions. Although Tyler might have acted negligently at most, that is insufficient to support a claim under § 1983. *See Daniels*, 474 U.S. at 332. Accordingly, Plaintiff's medical treatment claims are implausible.

### B. *State Law Criminal Claims*

Plaintiff also asserts claims under Idaho Code §§ 18-2603 and 18-1701, which criminalize destruction of evidence and conspiracy. However, these criminal statutes do not give rise to civil liability because the Idaho Legislature did not create a private right of action under these statutes.

In *Yoakum v. Hartford Fire Ins. Co.*, the Idaho Supreme Court considered whether an implied private right of action existed under a criminal statute. 923 P.2d 416, 421 (Idaho 1996). The court held that it did not, basing its decision on the following factors: (1) the statute was enacted to protect the general public, (2) there was no indication that the legislature intended to create a private cause of action, (3) the statute provided for a criminal punishment, and (4) there was no indication that providing an additional civil remedy was necessary to assure the effectiveness of the statute. *Id*. The *Yoakum* court noted that "[i]n the absence of strong indicia of a contrary legislative intent, courts must conclude that the legislature provided precisely the remedies it considered appropriate." *Id*. (relying on *Middlesex County Sewerage Auth. v. National Sea Clammers*, 453 U.S. 1, 15 (1981).

The factors identified in *Yoakum* apply equally to the state criminal statutes cited by Plaintiff. Therefore, Plaintiff's state law claims are implausible.

**5.    Conclusion**

For the foregoing reasons, the Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673

F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 9), this entire case is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

2. Because Plaintiff has already been granted in forma pauperis status, Plaintiff's Second Application to Proceed In Forma Pauperis Status (Dkt. 12) is MOOT.



DATED: August 4, 2025

B. Lynn Winmill
U.S. District Court Judge